UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

MONTIQUA JARVELL BRYANT,
          *Defendant-Appellant.*

No. 03-4393

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
David A. Faber, Chief District Judge, sitting by designation.
(CR-02-215)

Submitted: February 27, 2004

Decided: April 6, 2004

Before MICHAEL, KING, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

J. Michael Mills, MILLS & WILLEY, New Bern, North Carolina, for
Appellant. Frank D. Whitney, United States Attorney, Anne M.
Hayes, Christine Witcover Dean, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Montiqua Jarvell Bryant was convicted of witness tampering, in violation 18 U.S.C. § 1512(b)(3) (2000), and making a false statement to a federal agent, in violation of 18 U.S.C. § 1001 (2000). On appeal, he alleges the district court erred in denying his Fed. R. Crim. P. 29 motion for acquittal. He also claims the district court improperly applied the cross-reference provision in the *United States Sentencing Guidelines*, § 2B1.1(c)(3) (2002).

Where, as here, a motion for acquittal was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942).

Bryant argues that when he told Ricky Carraway that if anyone asked about the gun purchases to say that he did not know anything, he was merely instructing Carraway to tell the truth. Bryant further argues that he did not make a false statement to a federal agent because he did not know William Boyd by his proper name or by the name "Cheeseburger." We must assume that the jury resolved these issues in the Government's favor. *See United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997). We find that there is substantial evidence, taking the view most favorable to the Government, to support the jury's verdict. *United States v. Glasser*, 315 U.S. at 80.

Bryant next argues that the application of the USSG § 2B1.1(c)(3) cross-reference was in error. We review de novo a district court's legal interpretation of a guideline. *United States v. Souther*, 221 F.3d 626, 628 (4th Cir. 2000).

Bryant was convicted of violating 18 U.S.C. § 1001 by making a false statement to a federal agent "in connection with the investigation of various firearms offenses, including straw purchases and interstate transportation of firearms." (J.A., Vol. I at 18). For such a violation, USSG § 2B1.1 provides the applicable guideline offense level. *See* USSG App. A; USSG § 2B1.1.

In pertinent part, USSG § 2B1.1(c)(3) provides that if "the defendant was convicted under a statute proscribing false, fictitious, or fraudulent statements or representations generally (*e.g.*, 18 U.S.C. § 1001 . . .); and [ ] the conduct set forth in the count of conviction establishes an offense specifically covered by another guideline in Chapter Two (Offense Conduct), apply that other guideline." USSG § 2B1.1(c)(3). The introduction of the indictment, Count One, and Count Two all reference Bryant's involvement with firearm offenses. Therefore, the probation officer applied the guidelines for firearm violations under USSG § 2K2.1. Since Bryant's conduct, as set forth in the count of conviction, established a firearm offense specifically covered in USSG § 2K2.1, the district court correctly adopted the probation officer's application of the cross-reference. *See* USSG § 2B1.1(c)(3).

Finding no error, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*